IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM BREWINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-22-239-PRW |
| | ) |
| ALLIED WASTE SYSTEMS, INC., d/b/a | ) |
| REPUBLIC SERVICES OF OKLAHOMA | ) |
| CITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Compel Documents and Response to Written Discovery and to Compel Attendance at Deposition (Dkt. 25). Plaintiff has filed no response to the Motion.

### *Background*

Plaintiff brought this action in March 2022, alleging a public policy tort and age discrimination on the part of Defendant. Plaintiff was represented by counsel at this time. In May 2022, the parties filed a Joint Status Report and Discovery Plan (Dkt. 9), and shortly thereafter the Court filed a Scheduling Order (Dkt. 12). In September 2022, Plaintiff submitted a partial response to Defendant's first written discovery requests, along with a statement of intent to supplement the responses as soon as possible in light of Plaintiff's ongoing health complications.

1

Over the following months, Defendant reached out multiple times to Plaintiff in an attempt to further the discovery process. In December 2022, Defendant sent Plaintiff a Rule 37 letter,[1] stating that it would seek this Court's intervention if Plaintiff continued to be unresponsive to discovery requests. Shortly thereafter, this Court granted leave for Plaintiff's counsel to withdraw from the case, pursuant to a breakdown in communications between party and counsel (Dkt. 23). With the Plaintiff now *pro se*, Defendant sent another Rule 37 letter in March 2023. After receiving no response to the letter or numerous other attempts to reach Plaintiff, Defendant filed the instant Motion (Dkt. 25), seeking an order from this Court to compel Plaintiff's participation in the discovery process.

### *Legal Standard*

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[2] The goal of quickly and efficiently moving cases forward to resolution requires that a party proceeding *pro se*, no less than any other party, fully participate in the discovery process.[3] Rule 37(a) provides that a party may move to compel discovery so long as that party certifies "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery in an effort to obtain it

---

[1] *See* Fed. R. Civ. P. 37.

[2] Fed. R. Civ. P. 26(b)(1).

[3] *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("*[P]ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.")

without court action."[4] Good faith attempts to confer generally require a narrowing of disputed issues, rather than simply repeated demands of initial discovery requests.[5] A single attempt to confer, or attempts to confer with unreasonably short deadlines to respond, are similarly insufficient.[6]

*Discussion*

Defendant's efforts to resolve this dispute prior to seeking this Court's intervention more than satisfy the requirements of Rule 37(a). Defendant reached out multiple times and through multiple mediums in its attempts to confer with Plaintiff. In addition, Defendant did not simply reiterate its initial discovery requests, it identified specific interrogatories and document requests that needed supplemental response from Plaintiff. These efforts spanned several months, providing more than enough time for Plaintiff, even after he began proceeding *pro se*, to respond and confer.

*Conclusion*

The Court understands that Plaintiff may be occupied with health complications. However, Defendant cannot remain on the hook indefinitely for a case that is not moving forward. Defendant has demonstrated good faith efforts to conclude discovery without the Court's intervention, and Plaintiff has continued to be unresponsive. However, given Plaintiff's *pro se* status, the Court believes that Defendant's requested seven-day window for response to a compulsion order is too narrow. Accordingly, the Defendant's Motion

---

[4] Fed. R. Civ. P. 37(a).

[5] *See* Charles Alan Wright, et al., 8B Federal Practice & Procedure § 2285 (3d ed. 2023).

[6] *Id.*

(Dkt. 25) is hereby **GRANTED IN PART** and **DENIED IN PART**. On or before August 16, 2023, Plaintiff shall:

1. Provide full and complete responses to Defendant's written discovery requests and provide the information sought in Defendant's February 27, 2023 letter;

2. Produce, in a legible format, all documents in Plaintiff's possession, custody, or control responsive to Defendant's First Set of Request for Production; and

3. Provide dates for Plaintiff's deposition and appear for and attend his deposition.

**IT IS SO ORDERED** this 26th day of July 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE