IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM BREWINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-239-PRW |
| | ) |
| ALLIED WASTE SYSTEMS, INC., d/b/a | ) |
| REPUBLIC SERVICES OF OKLAHOMA | ) |
| CITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Dkt. 29). Plaintiff has filed no response to the Motion.

### *Background*

Plaintiff brought this action in March 2022, alleging a public policy tort and age discrimination on the part of Defendant. Plaintiff was represented by counsel at this time. In May 2022, the parties filed a Joint Status Report and Discovery Plan (Dkt. 9), and shortly thereafter the Court filed a Scheduling Order (Dkt. 12). In September 2022, Plaintiff submitted a partial response to Defendant's first written discovery requests, along with a statement of intent to supplement the responses as soon as possible in light of Plaintiff's ongoing health complications.

Over the following months, Defendant reached out multiple times to Plaintiff in an attempt to further the discovery process. In December 2022, Defendant sent Plaintiff a Rule

37 letter,[1] stating that it would seek this Court's intervention if Plaintiff continued to be unresponsive to discovery requests. Shortly thereafter, this Court granted leave for Plaintiff's counsel to withdraw from the case, pursuant to a breakdown in communications between party and counsel (Dkt. 23). With the Plaintiff now *pro se*, Defendant sent another Rule 37 letter in March 2023. After receiving no response to the letter or numerous other attempts to reach Plaintiff, Defendant filed a Motion to Compel (Dkt. 25), seeking an order from this Court to compel Plaintiff's participation in the discovery process. The Court granted that Motion (Dkt. 25) in part,[2] directing Plaintiff to respond to Defendant's requests by August 16, 2023.

In the instant Motion (Dkt. 30), Defendant states that Plaintiff has failed to comply with the Court's Order (Dkt. 28). Several new attempts to communicate with Plaintiff and continue the discovery process have met with no success. Defendant asks this Court to dismiss Plaintiff's action with prejudice pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).

### *Legal Standard*

Rule 37(b) provides a number of possible sanctions that a court may impose upon a party that fails to comply with a discovery order, including "dismissing the action or proceeding in whole."[3] In considering dismissal as a sanction, the Court must consider five factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference

---

[1] *See* Fed. R. Civ. P. 37.

[2] Order (Dkt. 28).

[3] Fed. R. Civ. P. 37(b)(2)(A).

with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[4] Dismissal is appropriate only "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."[5]

Rule 41(b) provides that dismissal may be appropriate when "the plaintiff fails to prosecute or to comply with these rules or a court order."[6] While involuntary dismissal for failure to prosecute is within a court's discretion, it remains a weighty sanction. Courts consider all of the circumstances of the case, including the *Ehrenhaus* factors listed above, when determining whether Rule 41(b) dismissal with prejudice is appropriate.[7]

While *pro se* litigants like Plaintiff are given "the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedures that govern other litigants."[8]

### *Discussion*

The circumstances of this case weigh in favor of dismissal with prejudice. As discussed in the Court's previous Order (Dkt. 28), Defendant's efforts to reach out to

---

[4] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (cleaned up).

[5] *Id.*

[6] Fed. R. Civ. P. 41(b).

[7] *See Pemberton v. Patton*, 673 F. App'x 860, 870 (10th Cir. 2016); *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (stating that the *Ehrenhaus* criteria apply to Rule 41(b) involuntary dismissals).

[8] *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) (citing *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994)).

Plaintiff and move this case forward, both before and after Plaintiff began proceeding *pro se*, have been extensive. It has now been more than eight months since either the Court or Defendant have received word from Plaintiff, and that last filing was Plaintiff's counsel withdrawing after communication broke down with their client. Months of futile efforts to move the case forward have prejudiced Defendant and interfered with the judicial process. These factors weigh in favor of dismissal.

The Court trusts that Plaintiff's failure to comply and to communicate with Defendant is due to the serious health complications referenced in the record, rather than bad faith. But while Plaintiff may not be culpable in the sense of malicious prosecution or delay, the months-long standstill is surely not attributable to Defendant. The Court did not explicitly warn Plaintiff that dismissal would be a likely sanction for noncompliance with its previous Order (Dkt. 28), but did note that "Defendant cannot remain on the hook indefinitely for a case that is not moving forward." These factors weigh slightly in favor of dismissal.

Finally, Plaintiff's total silence suggests that no lesser sanction will do. Plaintiff failed to respond to Defendant's Motion to Compel (Dkt. 25), failed to comply with the Court's compulsion Order (Dkt. 28), and has now failed to respond to Defendant's Motion to Dismiss (Dkt. 29). The case simply cannot go forward without Plaintiff's participation, and none of the lesser sanctions authorized by Rule 37(b)(2)(A) can change that.

Having considered all of the circumstances of this case in light of the *Ehrenhaus* factors, the Court finds that dismissal with prejudice is an appropriate sanction under both Rule 37(b) and Rule 41(b). Accordingly, Defendant's Motion (Dkt. 29) is **GRANTED**.

Plaintiff's action is hereby **DISMISSED WITH PREJUDICE**. A separate judgment will be entered following this Order.

**IT IS SO ORDERED** this 15th day of September 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE